UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>    Plaintiff,<br><br>  v.<br><br>CHICK-FIL-A, et al.,<br><br>    Defendants. | Case No.  1:24-cv-00814-BAM<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO AMEND<br><br>(Doc. 1) |

Plaintiff Candace Smith ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this civil rights action on July 15, 2024.  (Doc. 1.)  Plaintiff's complaint is currently before the Court for screening.

**I. Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Summary of Plaintiff's Allegations**

Plaintiff names the following defendants: (1) Chick-Fil-A; (2) Fashion Fair Mall; (3) Allied Universal; (4) Isaac; (5) Z. Barnhart; (6) J. Gonzalez; (7) Grace; and (8) Shelly Elliot. (Doc. 1 at 1-3.)

Plaintiff utilized this Court's complaint form to prepare her complaint. In the section of the form regarding the basis of this Court's jurisdiction, Plaintiff alleges federal question jurisdiction. (Doc. 1 at 3.) She lists the following as the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue: "Civil Rights Violation" "Inetention [sic] Racketeering" "Unsanitairy [sic] Conduct" "False Allegations" "Lies" "Harassment" "Stalking." (*Id.* at 4.)

In the statement of claim section of the form, Plaintiff alleges as follows:

> Violation of Civil Rights. Asked for and to buy cup of ice refused service & yelled go to Blackstone. Claiming purposely setup & manipulates facts called security on what he thinks is a black lady lied to cops & caused a terrible scene. Violation of rights: Fake police call & playing video games.

(Doc. 1 at 5) (unedited text). As relief, Plaintiff states, "Claims to reputation's agreement w/o coroparation over policy." (*Id.* at 6) (unedited text).

**III.    Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to

2

1  state a cognizable claim.  As Plaintiff is proceeding in pro se, the Court will allow Plaintiff an
2  opportunity to amend her complaint to the extent she can do so in good faith.

3           **A.  Federal Rule of Civil Procedure 8**

4          Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and
5  plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).
6  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause
7  of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678
8  (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a
9  claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.
10 at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are
11 not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

12         Plaintiff's complaint is not a plain statement of her claims.  While short, Plaintiff's
13 complaint does not clearly state what happened, when it happened, or who was involved.
14 Although the action appears to involve security being called when Plaintiff asked for a cup of
15 ice, Plaintiff does not provide any additional factual allegations, including when, where, and
16 what happened, sufficient to state a claim that is plausible on its face.  Further, Plaintiff's
17 complaint does not include any allegations identifying the named defendants or their alleged
18 actions.  Without basic information concerning what happened, the Court cannot determine if she
19 states a cognizable claim for relief.  If Plaintiff files an amended complaint, it should be a short
20 and plain statement of her claims and it must include factual allegations related to her claims that
21 identify what happened, when it happened, and who was involved.  Fed. R. Civ. P. 8.

22          **B.  Civil Rights Violations**

23         Although not entirely clear, it appears that Plaintiff may be attempting to bring a civil
24 rights action under 42 U.S.C. § 1983.  However, Plaintiff's complaint improperly names private
25 individuals and business entities as defendants.  To state a claim under § 1983, a plaintiff must
26 allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation
27 was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42,
28 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Private individuals and entities

do not act under color of state law. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *see also Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) ("While generally not applicable to private parties, a § 1983 action can lie against a private party" only if he is alleged to be "a willful participant in joint action with the State or its agents.") (citation and quotation marks omitted). "The United States Constitution protects individual rights only from *government* action, not from *private* action." *Single Moms, Inc. v. Mont. Power Co.*, 331 F.3d 743, 746–47 (9th Cir. 2003) (emphasis in original). The complaint alleges no facts demonstrating that defendants were acting under color of state authority.

### C. Racketeering

Plaintiff appears to assert a claim against defendants under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). "To state a civil RICO claim, plaintiff[ ] must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiffs' 'business or property.'" *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001) (quoting 18 U.S.C. § 1964(c)); *see also Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (identifying elements of a civil RICO claim). Plaintiff has made no such allegations in this action.

### D. State Law Claims

Insofar as Plaintiff is attempting to assert state law claims, the Court declines to screen them in the absence of a cognizable claim for relief under federal law. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. Plaintiff has not stated a cognizable claim for relief under federal law.

### IV. Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend her complaint to cure these deficiencies to the extent she is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in her first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, then the Court will recommend dismissal of this action for failure to obey a court order and for failure to state a cognizable claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: **July 17, 2024**   /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE