UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CANDACE SMITH,

Plaintiff,

v.

CHICK-FIL-A, et al.,

Defendants.

Case No. 1:24-cv-00814-BAM

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION

FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION

(Doc. 4)

**FOURTEEN-DAY DEADLINE**

Plaintiff Candace Smith ("Plaintiff") proceeds pro se and in forma pauperis in this civil rights action. (Doc. 1.) For the reasons that follow, the Court will recommend that this action be dismissed for failure to obey a court order and for failure to state a cognizable claim upon which relief may be granted.

**I. Background**

Plaintiff initiated this action on July 15, 2024. (Doc. 1.) On July 17, 2024, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), and determined that the complaint failed to comply with the pleading requirements of Federal Rule of Civil Procedure 8 and failed to state a cognizable claim for relief. The Court granted Plaintiff leave to amend within thirty (30) days of service of the Court's order. (Doc. 4.) Plaintiff was expressly warned that if she failed to file an amended complaint in compliance with the Court's order, then the

Court would recommend dismissal of this action for failure to obey a court order and for failure to state a cognizable claim upon which relief may be granted. (*Id.* at 5.) The deadline for Plaintiff to file her amended complaint has passed and Plaintiff has not complied with the Court's order. The Court therefore will recommend dismissal of this action.

## II. Failure to Comply with Rule 8 and Failure to State a Cognizable Claim

### A. Screening Requirement and Standard

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### B. Summary of Plaintiff's Allegations

Plaintiff names the following defendants: (1) Chick-Fil-A; (2) Fashion Fair Mall; (3) Allied Universal; (4) Isaac; (5) Z. Barnhart; (6) J. Gonzalez; (7) Grace; and (8) Shelly Elliot. (Doc. 1 at 1-3.)

Plaintiff utilized this Court's complaint form to prepare her complaint. In the section of the form regarding the basis of this Court's jurisdiction, Plaintiff alleges federal question jurisdiction. (Doc. 1 at 3.) She lists the following as the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue: "Civil Rights Violation" "Inetention [sic] Racketeering" "Unsanitairy [sic] Conduct" "False Allegations" "Lies" "Harassment" "Stalking." (Id. at 4.)

In the statement of claim section of the form, Plaintiff alleges as follows:

> Violation of Civil Rights. Asked for and to buy cup of ice refused service & yelled go to Blackstone. Claiming purposely setup & manipulates facts called security on what he thinks is a black lady lied to cops & caused a terrible scene. Violation of rights: Fake police call & playing video games.

(Doc. 1 at 5) (unedited text). As relief, Plaintiff states, "Claims to reputation's agreement w/o coroparation over policy." (Id. at 6) (unedited text).

**C. Discussion**

**1. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is not a plain statement of her claims. While short, Plaintiff's complaint does not clearly state what happened, when it happened, or who was involved. Although the action appears to involve security being called when Plaintiff asked for a cup of ice, Plaintiff does not provide any additional factual allegations, including when, where, and what happened, sufficient to state a claim that is plausible on its face. Further, Plaintiff's complaint does not include any allegations identifying the named defendants or their alleged

actions. Without basic information concerning what happened, the Court cannot determine if she states a cognizable claim for relief.

**2. Civil Rights Violations**

Although not entirely clear, it appears that Plaintiff may be attempting to bring a civil rights action under 42 U.S.C. § 1983. However, Plaintiff's complaint improperly names private individuals and business entities as defendants. To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Private individuals and entities do not act under color of state law. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *see also Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) ("While generally not applicable to private parties, a § 1983 action can lie against a private party" only if he is alleged to be "a willful participant in joint action with the State or its agents.") (citation and quotation marks omitted). "The United States Constitution protects individual rights only from government action, not from private action." *Single Moms, Inc. v. Mont. Power Co.*, 331 F.3d 743, 746–47 (9th Cir. 2003) (emphasis in original). The complaint alleges no facts demonstrating that defendants were acting under color of state authority.

**3. Racketeering**

Plaintiff appears to assert a claim against defendants under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). "To state a civil RICO claim, plaintiff[ ] must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiffs' 'business or property.'" *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001) (quoting 18 U.S.C. § 1964(c)); *see also Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (identifying elements of a civil RICO claim). Plaintiff has made no such allegations in this action.

**4. State Law Claims**

Insofar as Plaintiff is attempting to assert state law claims, the Court has declined to screen them in the absence of a cognizable claim for relief under federal law. Under 28 U.S.C.

§ 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. Plaintiff has not stated a cognizable claim for relief under federal law.

**III. Failure to Obey a Court Order**

**A. Legal Standard**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

///

**B. Discussion**

Here, Plaintiff's amended complaint is overdue. The action cannot proceed without Plaintiff's cooperation and compliance with the Court's order. Moreover, the Court cannot hold this case in abeyance awaiting compliance by Plaintiff. The Court additionally cannot effectively manage its docket if Plaintiff ceases litigating her case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, as a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's July 17, 2024 screening order expressly warned Plaintiff that her failure to comply would result in a recommendation for dismissal of this action. (Doc. 4 at 5.) Plaintiff had adequate warning that dismissal could result from her noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff's in forma pauperis status in this action indicates that monetary sanctions are of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating her case.

**III. Conclusion and Recommendation**

The Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

For the reasons stated, it is HEREBY RECOMMENDED that this action be dismissed without prejudice based on Plaintiff's failure to obey the Court's order and for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 27, 2024**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE