UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>            Plaintiff,<br><br>      v.<br><br>CHICK-FIL-A, et al.,<br><br>            Defendants. | Case No.: 1:24-cv-0814 JLT BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Doc. 11) |

Candace Smith seeks to hold the defendants liable for violations of her civil rights, racketeering, and violations of state law. (*See generally* Doc. 1.) The assigned magistrate judge screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) and found Plaintiff failed to state a cognizable claim under federal law. (Doc. 4 at 3-4.) The Court directed Plaintiff to file an amended complaint or notify the Court if she wished to dismiss the action. (*Id.* at 5.)

After Plaintiff did not respond to the Court's order, the magistrate judge issued Findings and Recommendations, reiterating the findings in the Screening Order and recommending dismissal. (Doc. 6 at 7; *see also id.* at 3-5.) The magistrate judge also found terminating sanctions were appropriate for Plaintiff's failure to comply with the Court's order, after considering the factors identified by the Ninth Circuit in *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). (*Id.* at 5-6.) Therefore, the magistrate judge recommended dismissal "based on Plaintiff's failure to obey the Court's order and for failure to state a cognizable claim upon which relief may

be granted." (*Id.* at 7.)

The Court served the Findings and Recommendations on Plaintiff at the address on record and notified her that any objections were due within 14 days. (Doc. 6 at 7.) However, the U.S. Postal Service returned the Findings and Recommendations as "Undeliverable, Unable to Forward" on September 19, 2024. The following week, the Postal Service also returned the Screening Order as "Undeliverable, Return to Sender, Unable to Forward." To date, Plaintiff has not filed a notice of change of address or communicated with the Court in any manner since the filing of her complaint.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Dismissal is appropriate for Plaintiff's failure to state a cognizable claim. The Court's service of the Screening Order at the address of record is deemed fully effective. *See* Local Rule 182(f) ("Each … pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective.") In addition, more than 63 days have passed since the Postal Service returned the Court's mail as undeliverable, and Plaintiff failed to comply with the Local Rules requiring her to keep the Court apprised of a proper mailing address. *See* Local Rule 183(b). The reasoning set forth by the magistrate judge addressing the *Henderson* factors also supports dismissal for Plaintiff's failure to prosecute and failure to comply with the Local Rules. *See Carey v. King,* 856 F.2d 1439, 1440-41 (9th Cir. 1988) (addressing the same factors and affirming the district court's dismissal after mail to the plaintiff was returned as undeliverable and he did not provide a proper address as required by the court's local rules).

Therefore, the Court **ORDERS**:

    1.    The Findings and Recommendations issued on August 27, 2024 (Doc. 6) are **ADOPTED** in full.

    2.    This action is **DISMISSED** without prejudice.

///

3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**November 27, 2024**__                    _/s/ Jennifer L. Thurston_
                                                   UNITED STATES DISTRICT JUDGE

3